**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____
                                    :
PHILLIP GERMAINE BOICE,             :
                                    :     Civ. No. 17-5722 (RMB)
        Petitioner,                 :
                                    :
    v.                              :     **OPINION**
                                    :
                                    :
MARK A. KIRBY,                      :
                                    :
        Respondent.                 :
_____         :

**BUMB,** United States District Judge

On August 3, 2017, the United States District Court, Eastern District of North Carolina transferred this action under 28 U.S.C. § 2241 to this Court because Petitioner is incarcerated in the Federal Correctional Institution in Fairton, New Jersey, and jurisdiction under § 2241 is in the district where the petitioner is confined. (Transfer Order, ECF No. 4 at 1; Pet., ECF No. 1.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 under Rule 1, the scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is

not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below, this Court lacks jurisdiction under § 2241.

I. BACKGROUND

On July 7, 2005, Petitioner entered a plea of guilty, in the United States District Court, Eastern District of North Carolina, to possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. (ECF No. 1-1 at 6, ¶4; U.S. v. Boice, 5:05-CR-126-H1 (E.D.N.C.)) The court sentenced Petitioner to a 188-month term of imprisonment, finding he was an armed career criminal pursuant to United States Sentencing Guidelines ("USSG") § 4B1.2. (Id., ¶5.) Petitioner appealed to the Fourth Circuit Court of Appeals, and the Fourth Circuit dismissed the appeal. (Id., ¶6.)

Petitioner filed a first motion to vacate his sentence under § 2255 on May 14, 2007. (Id. at 6-7, ¶7.) The court permitted one claim to proceed, but later dismissed the remaining claim. (Id. at 7, ¶7.) Petitioner appealed, and the Fourth Circuit dismissed the appeal. (Id.)

On May 18, 2016, Petitioner sought permission from the Fourth Circuit Court of Appeals to file a second motion under 28 U.S.C. § 2255, arguing that he is serving a sentence in excess of the maximum authorized by law under United States v. Newbold,

791 F.3d 255 (4th Cir. 2015) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The Fourth Circuit denied Petitioner authorization to file a second or successive § 2255 motion because the Supreme Court has not made the decisions in Newbold and Simmons retroactively applicable to cases on collateral review, as required under § 2255(h). (ECF No. 1-1 at 10-11.)

II. DISCUSSION

"[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255." Bruce v. Warden Lewisburg USP, No. 14-4284, 2017 WL 3597705, at *4 (3d Cir. Aug. 22, 2017). Congress, however, provided a saving clause in § 2255(e): "a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted.)

Here, Petitioner was denied authorization to file a second or successive petition under § 2255(h) because the Supreme Court has not made Newbold and Simmons retroactively applicable for purposes of collateral review. The Third Circuit Court of Appeals currently recognizes only one exception to the general rule that a petitioner must challenge his conviction and sentence in the sentencing court under § 2255, when the Petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive

3

law may negate." In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

III. CONCLUSION

For these reasons, this Court lacks jurisdiction and an Order will accompany this Opinion.

Dated: October 18, 2017

                             s/Renée Marie Bumb
                             **RENÉE MARIE BUMB**
                             **United States District Judge**